UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALVIN L. HEGGE,

          Petitioner,

v.

JASON BENNETT,

          Respondent.

CASE NO. 3:23-cv-06058-BHS-BAT

**REPORT AND RECOMMENDATION**

On November 15, 2023, Petitioner filed a pleading styled a petition for writ of habeas corpus brought under 28 U.S.C. §§ 2254 and 2241 with certain claims brought under 42 U.S.C.§ 1983. Dkt. 1. The habeas petition was filed without payment of the filing fee or an application to proceed *in forma pauperis* (IFP). The Clerk accordingly directed Petitioner to pay the filing fee or submit an IFP application by December 22, 2023, or the matter may be dismissed. Petitioner has not responded to the Clerk's request. On December 14, 2023, Petitioner submitted payment of the filing fee.

Under Rule 4 and Rule 1(b) of the Rules Governing § 2254 and § 2241 cases, the Court must perform a preliminary review of a habeas petition and should dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

REPORT AND RECOMMENDATION - 1

Having reviewed the habeas petition, the Court recommends **DISMISSING** this matter with prejudice because Petitioner's claims are time barred and successive, and the petition is brought in a district that has nothing to do with any of Petitioner's convictions and sentences which all occurred in the Eastern District of Washington, Spokane County, and the State of Wisconsin.

## DISCUSSION

**A.    Petitioner's Pleading**

Petitioner appears to challenge his 1986 state criminal conviction for Second Degree Murder in Spokane County Superior Court and his 1985 conviction for Murder in a state court in Wisconsin. Petitioner also appears to challenge his 1986 federal criminal conviction in the Eastern District of Washington for drug related offenses including conspiracy to possess cocaine with the intent to distribute.

The factual grounds Petitioner presents is lengthy and not in exact chronologic order. It appears that in the 1980's Petitioner faced several different criminal prosecutions in state and federal court all occurring close in time. Plaintiff alleges his home in the Eastern District of Washington was raided and he was charged with possessing cocaine. He claims on October 23, 1984, he was arrested for federal criminal offenses in the Eastern District of Washington. On December 12, 1984, Petitioner was arrested on a State of Wisconsin criminal fugitive warrant and "extradited" from Washington to Wisconsin. He claims the extradition was involuntarily and he was subsequently convicted in the State of Wisconsin on October 25, 1985 and sentenced to a term of imprisonment.

While the Wisconsin state charges were pending, a federal criminal indictment and a superseding indictment were handed down in the Eastern District of Washington on May 13,

REPORT AND RECOMMENDATION - 2

1985 and July 8, 1985, charging Petitioner with drug related offenses including conspiracy to possess cocaine with intent to distribute. Petitioner was convicted in the Eastern District of Washington in 1986, and the conviction was affirmed by the Court of Appeals for the Ninth Circuit. *See U.S. v. Hegge,* 848 F.2d 199 (9th Cir. 1988).

On May 13, 1985, Petitioner was also charged in Spokane County Superior Court with Second Degree Murder. The charge was filed while Petitioner was serving his Wisconsin state sentence in prison. In 1986, federal marshals transported Petitioner from a Wisconsin prison to the Spokane County jail to first face federal criminal charges filed in 1985. Petitioner was convicted and sentenced on June 12, 1986. Petitioner was then returned to a state prison in Wisconsin. After being returned to the State of Wisconsin, the Spokane County Prosecuting Attorney sought Petitioner's temporary custody to face the state murder charges filed in May 1985. Petitioner claims he was "involuntarily" transported from a prison in Wisconsin to Spokane County, despite motions he filed for non-compliance with "IAD speedy trial constraints." Plaintiff was convicted of the Spokane County state murder charge, and he indicates he pursued "direct appeal rights on my Washington and Wisconsin convictions."

On March 30, "2014," Petitioner contends federal marshals transported Petitioner from a Wisconsin state prison and released Petitioner to the custody of the Milwaukee County Sheriff who booked Petitioner into the Milwaukee County jail. The date "2014" appears to be a typographical error as Petitioner also avers federal marshals transported him from the Milwaukee jail to Washington State where he ultimately was received by the "Shelton Washington Corrections Center, and placed at Stafford Creek Corrections Center where Petitioner contends, he was remained since 2007 serving his Washington State criminal sentence for Murder.

REPORT AND RECOMMENDATION - 3

As grounds for federal habeas relief, Petitioner contends in grounds (I) and (IV) the State of Wisconsin lacked jurisdiction over his 1985 Wisconsin conviction; in grounds (II) and (VI) the United States lacked jurisdiction over his federal drug conviction; in ground (III) the State of Washington lacked jurisdiction over his 1986 murder conviction; and in ground (VII) § 2241 relief should be granted because it is "interwoven" with § 2254 relief. Based upon the foregoing, grounds, Petitioner requests this Court grant federal habeas relief from his convictions and sentences and order he be immediately released from custody. As discussed below, there are numerous reasons federal habeas relief should be denied.

**B.     The Habeas Petition is Time Barred**

    **1.     The Petition is Untimely**

Petitioner seeks §§ 2254 and 2241 federal habeas relief from his 1985 and 1986 state and federal convictions and sentences. Petitioner's habeas petition is time barred because a federal habeas petition challenging a criminal judgment and sentence is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2241 et seq. Section 2244 sets forth the applicable limitations periods:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes, and the judgment becomes final either upon the expiration of the time allowed for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Generally, a conviction becomes "final" when the 90-day period for filing a petition for *certiorari* to the Supreme Court expires. *See United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000). When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 565 U.S. 134, 147-154 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). As the Supreme Court has explained:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, *or in state court*, expires.

*Gonzalez*, 565 U.S. at 150 (emphasis added).

As noted above, under 28 U.S.C. § 2244(d)(2), if during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the

REPORT AND RECOMMENDATION - 5

one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005). Petitioner "bears the burden of proving that the statute of limitations was tolled." *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010).

Here, Petitioner seeks federal habeas relief from his 1985 and 1986 convictions and sentences. These convictions occurred over 37 years ago, and Petitioner presents nothing showing the judgments in the three convictions are statutorily tolled, that his federal habeas claims meet one of the exceptions to an otherwise untimely petition, or that his present petition was filed within the federal habeas statute of limitations. Further there is no basis to equitably toll the statute of limitations because the facts and legal bases supporting Petitioner's claims were known to Petitioner many decades ago as it appears Petitioner raised the present claims earlier. Petitioner's federal habeas petition is accordingly time barred and should be dismissed with prejudice.

### 2. The Petition is Barred as Second or Successive

Petitioner seeks federal habeas relief from his Wisconsin State criminal conviction. He already sought and was denied federal habeas relief for this conviction. *See Borzych v. Betrand*, 981 F.Supp. 1167 (E.D. Wisconsin 1997). Petitioner cannot file a second or successive § 2254 petition challenging his Wisconsin criminal conviction unless he makes a *prima facie* showing to the appropriate court of appeals that the petition is based on: (1) "a new rule," (2) "of constitutional law," (3) "made retroactive to cases on collateral review by the Supreme Court," (4) "that was previously unavailable." 28 U.S.C. § 2255(h)(2);3 *Tyler v. Cain*, 533 U.S. 656, 662 (2001). Section 2255(h)(2) creates a jurisdictional bar to the Petitioner's claims: If the Petitioner does not first obtain authorization from the appropriate court of appeals, the district court lacks

jurisdiction to consider the second or successive application." *United States v. Lopez,* 577 F.3d 1053, 1061 (9th Cir. 2009).

Here, Petitioner's present request for federal habeas relief regarding his Wisconsin criminal conviction is the second request Petitioner has made for federal habeas relief from this conviction. Petitioner's present petition does not rely upon a new federal rule made retroactive to habeas petitions or upon evidence that was unavailable. Moreover, it is brought in the wrong court as any request for permission to file a second or successive petition must be brought in the Court of Appeals for the Seventh Circuit which is the appropriate court of appeals to review Wisconsin State convictions, and not in this Court which lies in the Ninth Circuit. Federal habeas relief from the Wisconsin conviction should thus accordingly be denied.

### 3. Section 2254 does not Provide Relief from a Federal Criminal Conviction

Petitioner seeks § 2254 habeas relief from his federal criminal conviction. Section 2254 does not provide such relief. Rather, § 2255 allows a federal prisoner that claims her sentence was imposed "in violation of the Constitution or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Here the federal sentence that Petitioner challenges was imposed in the Eastern District of Washington and is thus not properly before this court under § 2254. Further to the extent Petitioner requests § 2255 relief, that request should be filed in the Eastern District of Washington. The Court declines to transfer this matter to the Eastern District of Washington because the §2255 relief sought is subject to a one-year statute of limitations and § 2255 relief is therefore time barred. *See* 28 U.S.C. § 2255(f).

### 4. Section 2241 is not Grounds for Relief from the State and Federal Convictions

REPORT AND RECOMMENDATION - 7

1  Petitioner also contends habeas relief should be granted under 28 U.S.C. § 2241. Because Petitioner challenges his state and federal criminal convictions and sentences, he is required to seek habeas relief under 28 U.S.C. §§ 2254 and 2255, and not 28 U.S.C § 2241. This is because §§ 2254 and 2255 are the exclusive means by which a convicted individual may test the legality of his or her state and federal convictions and detention. *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (as amended). In short, §§ 2254 and 2255 are the sole mechanisms that provide the relief he requests: that his convictions violate the law and he should be released from custody.

In short, Petitioner's request for federal habeas relief fails for several reasons. First the request for habeas relief comes over 37 years after the last conviction he challenges. The present federal habeas petition is filed far outside the stature of limitations, there are no exceptions to the limitations period that are presented, and habeas relief is thus time barred.

Second, the request for habeas relief from the Wisconsin conviction is barred as second or successive because he has already sought federal habeas relief from that conviction. Petitioner has not been granted permission to file a second or successive habeas petition by the appropriate court of appeals—the Seventh Circuit—and thus his habeas challenge to the Wisconsin conviction is not properly before this Court.

Third, § 2254 does not provide relief from Petitioner's Eastern District of Washington federal criminal conviction and sentence. Petitioner must challenge that federal sentence under §2255 in the Court that imposed the sentence. Further any relief that Petitioner would seek under § 2255 motion faces the same time bars that bar relief under § 2254. *See e.g., U.S. v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) (recognizing a one-year statute of limitations applies to § 2255 motions for relief).

REPORT AND RECOMMENDATION - 8

And fourth, § 2241 does not provide the relief Petitioner seeks: to overturn his convictions and order his release as §§ 2254 and 2255 are the sole mechanism for the relief sought. For these reasons, the Court recommends Petitioner's request for habeas relief be DENIED and the matter be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends petitioner not be issued a COA. No jurist of reason could disagree with this Court's evaluation of his habeas petition or would conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Petitioner should thus not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Any objection must be filed no later than **January 2, 2024.** The Clerk shall note the matter for **January 5, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

REPORT AND RECOMMENDATION - 9

1   DATED this 19th day of December, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10